UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10175-GAO

CEA BROMFIELD LLC,
Plaintiff,

v.

MAXI DRUG, INC. and AMERICAN DRUG STORES LLC,
Defendants.

OPINION AND ORDER
December 16, 2010

O'TOOLE, D.J.

The plaintiff, CEA Bromfield LLC ("CEA"), has brought suit against the defendants, Maxi Drug, Inc. and American Drug Stores LLC, alleging claims of breach of contract against each defendant for failure to pay rent and other obligations under a lease (the "Lease"). In an Opinion and Order dated January 29, 2010 (dkt. no. 54), the Court granted summary judgment in favor of CEA on the issue of liability. The parties now cross-move for summary judgment on the issue of damages.

I. **Background**

CEA is the landlord by assignment under the Lease originally entered into on September 8, 1994 by Star Markets Company, Inc. and American Drug Stores, Inc. for premises in a shopping center located in Manchester, New Hampshire. Through a series of assignments, more thoroughly described in the Court's January 29 Opinion and Order, first Maxi Drug and then NEA Delaware, Inc. d/b/a Tweeter ("Tweeter") occupied the premises as tenants under the Lease. In 2008, Tweeter, the tenant at the time, filed a petition for relief under Chapter 11, and the bankruptcy court later approved Tweeter's rejection of the Lease. The last payment CEA

received from Tweeter was in December 2008. As detailed in the Court's prior opinion, the defendants remain liable for the tenant's obligations under the Lease.

CEA subsequently made efforts to relet the premises, and, after subdividing the space, executed leases with two new tenants, Cellco Partnership d/b/a Verizon Wireless ("Verizon") and C&C's 111 South Willow LLC d/b/a Five Guys Burgers and Fries ("Five Guys") (collectively, the "Replacement Leases"). The new tenants have each begun paying rent. It is undisputed that the rent CEA receives from the Verizon lease alone exceeds the monthly rent that would have been due from Tweeter.

## II. Summary Judgment and Related Motions

Through their motion, the defendants claim that no damages are appropriate in this case. They advance a "market value" approach for measuring damages under the Lease, contending that the additional rent CEA will obtain through the Replacement Leases over the term of the Lease will exceed what it would have received if Tweeter had not defaulted, and therefore CEA will, over time, be more than compensated for its lost rent and mitigation costs. Essentially, the defendants ask the Court to credit the excess rent CEA expects to receive in the future from its new tenants toward the unpaid amount owed under the Lease by the defendants.[1]

The defendants' theory is a novel one, and while it may find support in economic theory, it lacks support from precedential case law. The case upon which the defendants most rely, Krasne v. Tedeschi and Grasso, 762 N.E.2d 841 (Mass. 2002), is inapposite. In that case, the landlord was not required to give credit for future expected rents. Rather, the property had been

---

[1] The defendants are credited with payments as they are received month-to-month under the Replacement Leases, and CEA makes no claim for future unpaid rents. What it seeks is the amount of unpaid rent from the last Tweeter payment until the first receipt of rent under the Replacement Leases, as well as costs associated with the reletting.

sold and the court concluded that the landlord had, in the purchase price, effectively received the value of the future rent stream. Id. at 846-47.

Although CEA may eventually find itself in a better position than it would have been under the Lease with Tweeter, the future excess rental income is nevertheless speculative in nature. There is no certainty that Verizon or Five Guys will continue to pay rent. The defendants assumed the risk of potential responsibility for unpaid rent by an assignee tenant in exchange for the advantage of the Lease provision permitting assignment. They now effectively seek to shift the risk of nonpayment of future rents back to CEA. The defendants, liable under the Lease, are not entitled to credit rent CEA has not yet received under the Replacement Leases toward the unpaid rent and other amounts they owe. Their motion is DENIED.

CEA's motion for summary judgment is likewise DENIED. The respective statements of facts demonstrate that there are issues that need to be tried to a jury. (Compare, e.g., Plaintiff CEA Bromfield LLC's Concise Statement of Fact in Support of Its Motion for Summary Judgment as to Damages ¶ 3 (dkt. no. 78) ("Promptly after learning that Tweeter had sought to reject the Lease, CEA and its leasing agent . . . commenced an extensive and aggressive campaign to relet the Premises."), with Response & Counterstatement of Defendants Maxi Drug, Inc. & American Drug Stores, LLC to Material Facts Submitted in Opposition to Plaintiff's Motion for Summary Judgment as to Damages ¶ 3 (dkt. no. 86) ("Verizon's associate director of real estate saw the vacant Tweeter space on his way to work and initiated conversations with CEA . . . long before Tweeter sought to reject its lease. Verizon offered a letter of intent in April of 2008. [In addition,] CEA Bromfield had been actively marketing a similar large retail space in the same [location] long before Tweeter sought to reject the lease.") (internal citations omitted).)

In light of the denial herein of both motions for summary judgment, the defendants' Motion to Strike Portions of the Third Affidavit of Steven Cohen and Related Paragraphs of Plaintiff's Concise Statement of Facts in Support of its Motion for Summary Judgment as to Damages (dkt. no. 88) and Motion to Strike the Fourth Affidavit of Steven Cohen (dkt. no. 89) are MOOT.

### III. Defendants' Motion to Exclude

The heart of the defendants' Motion to Exclude Plaintiff's Proposed Expert Testimony (dkt. no. 74) is that CEA's proposed expert witness, Ronald H. Golub, is biased due to his financial stake in the outcome of the case and offers unhelpful factual testimony. As to the former issue, Golub's purported bias can be explored on cross-examination, and as to the latter, there is no prohibition on a witness testifying both as a factual witness and as an expert. The motion is DENIED.

### IV. CEA's Motion for Attachment

Finally, CEA's Motion to Attach Real Estate of Defendant Maxi Drug, Inc. (dkt. no. 62) is GRANTED. Although genuine issues of material fact preclude the granting of CEA's motion for summary judgment, CEA has demonstrated a reasonable likelihood it will recover judgment, including interest and costs, equal to or greater than the requested attachment at trial. See Mass. R. Civ. P. 4.1; Fed. R. Civ. P. 64(b). An attachment in the amount of the property of Maxi Drug to the value of one million and three hundred thousand ($1,300,000) dollars is therefore appropriate, and it is approved.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge